UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HASAN CLAY,

        Petitioner,

   v.

PAT GLEBE,

        Respondent.

Case No. C11-514-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Hasan Clay has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, by way of the instant petition, seeks relief from his 2007 Snohomish County Superior Court convictions on charges of first degree burglary, first degree assault, and second degree assault. This Court, having reviewed the petition, and the balance of the record, concludes that petitioner's federal habeas petition, and this action, should be dismissed with prejudice for failure to state a cognizable ground for relief.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

### Cognizability of Claim

The Court received petitioner's federal habeas petition for filing on March 24, 2011. Petitioner identified in his petition a single ground for relief: that his Fourth Amendment rights were violated when the trial court denied his motion to suppress illegally seized evidence. After reviewing the petition, and the documents submitted by petitioner in support of his petition, this Court determined that the single ground presented for review was likely not cognizable in this federal habeas action. Accordingly, on April 27, 2011, this Court issued an Order directing petitioner to show cause, within thirty days, why this action should not be dismissed.

The Court explained in its Order to Show Cause that federal habeas review of a Fourth Amendment claim is barred unless the petitioner can show that he was "denied an opportunity for full and fair litigation of that claim at trial and on direct review." *Stone v. Powell*, 428 U.S. 465, 494 n. 37 (1976). The Court further explained that the relevant inquiry under *Stone* is whether the petitioner was afforded a full and fair hearing, not whether the state court reached a correct resolution. *See Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994) (defendant had a full and fair opportunity where he made his Fourth Amendment argument in both state trial and appellate courts). The Court noted that petitioner's materials appeared to indicate that he had had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts.

On May 25, 2011, the Court received petitioner's response to the Order to Show Cause. Petitioner asserts in his response that he did not receive a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. However, the argument offered by petitioner in support of this assertion is, essentially, that the trial court and the state court of appeals applied the wrong standard in evaluating his Fourth Amendment claim and therefore decided the claim

incorrectly. Petitioner's argument clearly goes to the correctness of the resolution by the state courts and not to the fullness and fairness of his opportunity to litigate the claim. Accordingly, petitioner's federal habeas claim is barred under *Stone v. Powell*.

### Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to his Fourth Amendment claim.

### CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of June, 2011.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3