UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASAN CLAY,<br><br>                Plaintiff,<br><br>   v.<br><br>PAT GLEBE<br><br>                Defendant. | CASE NO. C11-514 MJP<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Hasan Clay's objections to Magistrate Judge Donohue's Report and Recommendation. The Court, having reviewed the petition for habeas corpus (Dkt. No. 10), the Report and Recommendation of James P. Donohue, United States Magistrate Judge (Dkt. No. 11), and Petitioner's objections to the Report and Recommendation (Dkt. No. 12), the Court does hereby ORDER:

(1) The Court ADOPTS the Report and Recommendation.

(2) Petitioner's petition for writ of habeas corpus (Dkt. No. 10) and this action are DISMISSED with prejudice, for failure to state a cognizable ground for relief.
ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS- 1

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

**BACKGROUND**

The Court's discussion of the facts is limited to those necessary to resolve Clay's objections to Magistrate Judge Donohue's Report and Recommendation and to address the merits of his habeas petition.

Clay petitions the Court for habeas relief from his Washington state court convictions, alleging that he is being held in violation of the Fourth Amendment. (Dkt. No. 12 at 2.)

In 2007, Clay was convicted in Snohomish County Superior Court for first-degree burglary, first-degree assault and second-degree assault. Some of the evidence introduced at trial was obtained by seizing the phone records of Clay's wife. (Dkt. No. 1-2 at 39.) Before trial, Clay filed a motion to suppress the phone records. (Dkt. No. 1-2 at 28.) He argued that the records were obtained by a defective warrant, and thus violated of his Fourth Amendment rights. (Id.) The state trial court denied Clay's motion to suppress because Clay failed to prove he had a reasonable expectation of privacy in his wife's phone records. (Dkt. No. 1-2 at 39.) In July of 2008, the Washington Court of Appeals, Division 1, affirmed the trial court's ruling. (Dkt. No. 1-2 at 34.)

Clay filed this petition on March 24, 2011, alleging that he is being held in violation of his Fourth Amendment rights, as a result of evidence obtained from a wrongful search and seizure. (Dkt. No. 11 at 2.) Judge Donohue recommends that the Court dismiss Clay's habeas petition with prejudice, and find that Clay is not eligible for a certificate of appealability. (Id.) Clay timely filed his objection to Judge Donohue's Report and Recommendation. (Dkt. No. 12 at 1.)

**DISCUSSION**

I. <u>Standard of Review for a Writ of Habeas Corpus</u>

Under 28 U.S.C. § 2254, a federal court may entertain a writ for habeas corpus on behalf of a prisoner in state custody only when he is being held in violation of a constitutional right.

However, where a petitioner alleges a violation of the Fourth Amendment, such habeas claims are not cognizable on collateral review so long as the defendant had a "full and fair" opportunity to litigate the claim in state court. See <u>Stone v. Powell</u>, 428 U.S. 465 (1976). On habeas review, the question is whether the petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether the state court correctly ruled on the Fourth Amendment issue at trial. See <u>Siripongs v. Calderon</u>, 35 F.3d 1308, 1321 (9th Cir. 1994).

II. <u>Analysis</u>

Clay's first objection to the Report and Recommendation is that he was not given an opportunity to fully and fairly litigate his claim because the state court applied a standard rejected by the Supreme Court in <u>Rakas v. Illinois</u>, 439 U.S. 128 (1978). (Dkt. No. 12 at 3.) By utilizing the "wrong" or "incorrect" standard in their Fourth Amendment analysis, Clay asserts that the courts denied him the opportunity to litigate his claim.

The Court need not reach the merits of this argument. Nothing in <u>Rakas</u> suggests Clay did not have the opportunity to fully and fairly litigate his claim. Even if Clay feels the courts did so by applying the wrong standard, the state court provided Clay with the opportunity to litigate his claim, and reached a decision on the merits. The Court agrees with Judge Donohue's recommendation that Clay's argument goes to the "correctness of the resolution by the state

courts, and not to the fullness and fairness of his opportunity to litigate the claim." (Dkt. No. 11 at 3.)

Clay's second objection to the Report and Recommendation is that Judge Donohue applied the Stone rule *sua sponte*. (Dkt. No. 12 at 4.) The Stone rule states that a federal court may not grant habeas corpus relief on a Fourth Amendment claim where the petitioner has received a full and fair opportunity to litigate the claim in state court. Stone, 428 U.S. at 494. Clay alleges that the state court did not raise the Stone rule to bar collateral review of his Fourth Amendment claim, so this Court has the discretion to decline to apply the rule, and may grant relief on his habeas claim. (Id. at 7.)

Clay fails to recognize that federal courts are obliged to raise the Stone rule *sua sponte* where it is determined that the defendant's Fourth Amendment claims have already been litigated. See Woolery v. Arave, 8 F.3d 1325, 1328 (9th Cir. 1993) (overturning the district court for failing to raise the Stone rule *sua sponte*, even where the state failed to raise it). The Stone rule is a categorical bar to reconsideration of habeas claims based on the Fourth Amendment. Id.

Because Clay has not sufficiently proven that he was denied the opportunity to litigate his Fourth Amendment claims, the Court DENIES habeas relief.

## CONCLUSION

Because Clay cannot establish that he was denied an opportunity to fully and fairly litigate his claim, his habeas petition fails. The Court ADOPTS Magistrate Judge Donohue's Report and Recommendation, and DISMISSES Clay's petition with prejudice, for failure to state a claim. The Court also DENIES a certificate of appealability.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 31st day of August, 2011.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge